IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

    Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

No. CIV S-09-1969 GEB KJN P

ORDER and
FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding without counsel, seeks relief pursuant to 42 U.S.C. § 1983 and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] For the reasons set forth below, this court dismisses the instant complaint and recommends that plaintiff's application to proceed in forma pauperis be denied, that plaintiff hereafter be prohibited from proceeding in forma pauperis pursuant to the "three strikes" bar of the Prison Litigation Reform Act, and that plaintiff be granted leave to file an amended complaint together with prepayment of the full filing fee.

////

////

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

THE "THREE STRIKES" RULE

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") requires that a court deny in forma pauperis ("IFP") status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]  Thus, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]" Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The purpose of this rule is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); accord, Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) ("Section 1915(g) does not prohibit prisoners from accessing the courts to protect their rights. Inmates are still able to file claims – they are only required to pay for filing those claims.").

The exception to this rule – authorizing in forma pauperis status to a three strikes plaintiff who plausibly alleges imminent danger of serious physical injury at the time of filing a complaint, 28 U.S.C. § 1915(g)[3] – is neither alleged nor apparent in this case.

Plaintiff has filed seventeen actions in this court, four of which have been dismissed for failure to state a claim, and the others have been dismissed for other deficiencies as addressed below. The court has reviewed each of the cases plaintiff has filed in this court, for

---

[2] Section 1915(g) was enacted as part of the 1996 Amendments to the PLRA, Pub. L. No. 104-134, 110 Stat. 1321, § 804(d).

[3] In forma pauperis status must be granted to a "three strikes plaintiff" who demonstrates that he or she is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Application of this exception requires that the complaint, liberally construed, plausibly alleges that, at the time of filing the complaint, "prison officials continue with a practice that has injured [plaintiff ] or others similarly situated in the past." Andrews v. Cervantes, supra, 493 F.3d at 1055, 1056–1057 (citations omitted).

which it takes judicial notice.[4]  Those dismissed for failure to state a claim are:  <u>Harper v. Wilcox</u> ("<u>Wilcox</u>"), Case No. 2:07-cv-01158 LKK KJM P (filed June 15, 2007, dismissed January 28, 2008); <u>Harper v. Costa et al.</u> ("<u>Costa</u>"), Case No. 2:07-cv-02149 LKK DAD P (filed October 10, 2007, dismissed August 31, 2009); <u>Harper v. Williams, et al.</u> ("<u>Williams</u>"), Case No. 2:07-cv-02166 LKK GGH P (filed October 12, 2007, dismissed June 3, 2008); and <u>Harper v. Morgan</u> ("<u>Morgan</u>"), Case No. 2:08-cv-02526 GGH (filed October 23, 2008, dismissed June 16, 2009).

The court has examined the orders and findings and recommendations supporting dismissal in each of these cases.  "[T]he district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike.  However, in many instances, the docket records will not reflect the basis for the dismissal.  In these instances, the [court must examine] . . . court records or other documentation that will allow [it] to determine that a prior case was dismissed because it was 'frivolous, malicious or fail[ed] to state a claim.' § 1915(g)."  <u>Andrews v. King</u>, 398 F.3d 1113, 1120 (9th Cir. 2005).[5]

In assessing whether the subject dismissals come within the "fails to state a claim upon which relief may be granted" criteria of the three-strikes bar, 28 U.S.C. § 1915(g), the court is guided by the Ninth Circuit's observation that this phrase, "as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" <u>Andrews v. King</u>, 398 F.3d at 1121, quoting <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  A "dismissal" of an

---

[4] <u>See</u> Fed. R. Evid. 201 (a court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).  <u>See also</u>, <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of court records).

[5] Because no defendant has been served in the instant action, the court has undertaken the task of examining the records of this court rather than employ a burden-shifting approach between the parties relative to plaintiff's three-strike status.  <u>Cf</u>. <u>Andrews v. King</u>, 398 F.3d at 1119-20.

action on the merits pursuant to an in forma pauperis screening mandated by 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2), and 42 U.S.C. § 1997e(c), also qualifies as a "dismissal" for failure to state a claim within the meaning of 28 U.S.C. § 1915(g). O'Neal v. Price, 531 F.3d 1146, 1155 (9th Cir. 2008); see also, Neitzke v. Williams, 490 U.S. 319, 327 (1989) (in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). The court is also guided by the Ninth Circuit's assessment that, within the meaning of 28 U.S.C. § 1915(g), "a case is frivolous if it is of little weight or importance: having no basis in law or fact," and "[a] case is malicious if it was filed with the intention or desire to harm another." Andrews v. King, 398 F.3d at 1121 (citations and internal quotations omitted).

      The above-noted cases were dismissed for the following reasons. Wilcox was dismissed as frivolous and for failing to state a claim, pursuant to the in forma pauperis screening process, because the sole named defendant (plaintiff's private investigator in his criminal case who allegedly neglected to give plaintiff the form for filing an appeal) was not a state actor for purposes of § 1983 liability. Harper v. Wilcox, Case No. 2:07-cv-01158 LKK KJM P (Dkt. Nos. 5, 6). In Costa, the court found, pursuant to defendants' motion to dismiss and with extensive legal citations, that the complaint failed to state any cognizable claim for relief pursuant to plaintiff's allegations that defendants had violated his due process rights by bringing a false rules violation charge against him. Harper v. Costa, et al., Case No. 2:07-cv-02149 LKK DAD P (Dkt. Nos. 42, 54) (an appeal is pending). In Williams, the court granted plaintiff's application to proceed in forma pauperis and dismissed the initial complaint with leave to file an amended complaint. Plaintiff filed two more complaints. In reviewing plaintiff's last filed amended complaint, the court concluded that plaintiff had failed to state a claim based on his allegations that, inter alia, he had been wrongly denied time credits, citing Edwards v. Balisok, 520 U.S. 641 (1997), and that it did not appear that plaintiff could cure the pleading defects.

Harper v.Williams, et al., Case No. 2:07-cv-02166 LKK GGH P (Dkt. Nos. 18, 19).  In Morgan, the court found that plaintiff failed to state a cognizable claim against the sole defendant based on allegations that defendant had failed to ensure that plaintiff's personal property reached its intended destination outside the prison.  Harper v. Morgan, Case No. 2:08-cv-02526 GGH (Dkt. No. 15.)  This case was affirmed on appeal by mandate issued October 7, 2009.  See Order of Court of Appeals filed Sept. 15, 2009, (id., Dkt. No. 25) ("A review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as not to require further argument").

The other dozen cases filed by plaintiff in this court[6] represent an amalgam of filings and court directives relative to plaintiff's need to submit a properly completed in forma pauperis application or to pay the filing fee, or to comply with the requirements for asserting a cognizable claim.  This court has spent a significant amount of time reviewing plaintiff's multiple filings, most of which he has allowed to languish, likely because it is so easy to file another case.

The dismissals of plaintiff's filings in this court prior to the filing of the instant case (even if the court excludes Costa, currently pending on appeal) satisfy the requirements for

---

[6] Plaintiff has filed in this court: Harper v. Sacramento County Sheriff, et al., Case No. 2:07-cv-00748 ALA P (dismissed for failure to file an amended complaint); Harper v. Sacramento County Sheriff, Case No. 2:07-cv-00845 JKS EFB P (dismissed for failure to file trust acct information); Harper v. California Department of Corrections and Rehabilitation, et al., Case No. 2:07-cv-00851 GEB CMK P (dismissed for failure to submit in forma pauperis application or filing fee); Harper v. Taylor, et al., Case No. 2:07-cv-01671 FCD DAD P (dismissed for failure to submit in forma pauperis application or filing fee); Harper v. Williams et al., Case No. 2:07-cv-2111 JAM GGH P (dismissed for failure to file Second Amended Complaint); Harper v. Humphreys, et al., Case No. 2:07-cv-2131 MCE EFB P (dismissed for failure to exhaust administrative remedies (on appeal)); Harper v. Costa, et al., Case No. 2:07-cv-2148 LEW KJM P (dismissed for failure to exhaust administrative remedies (appeal dismissed)); Harper v. Dion, et al., Case No. 2:07-cv-2150 GEB JFM P (dismissed for failure to exhaust administrative remedies); Harper v. Kaiser, Case No. 2:07-cv-2167 FCD KJM P (dismissed for failure to submit in forma pauperis application or pay filing fee); Harper v. Ward, Case No. 2:07-cv-2239 LEW JFM P (dismissed for failure to exhaust administrative remedies); Harper v. Morgan, Case No. 2:08-cv-0557 GEB EFB P (dismissed for failure to submit in forma pauperis application or pay filing fee); Harper v. Harikian, Case No. 10-cv-673 KJM (dismissed without prejudice to filing in instant action (makes same allegations)).

1 applying the PLRA's "three strikes" bar to plaintiff's instant and future in forma pauperis
2 applications. Plaintiff should therefore be required to prepay the filing fee in the instant action
3 and in any future action filed in this court absent a plausible allegation of imminent physical
4 harm. 28 U.S.C. § 1915(g).

5 THE INSTANT ACTION

6    Plaintiff has filed five complaints in the present case, the first on July 17, 2009,
7 the most recent on April 9, 2010. (See Dkt. Nos. 1, 7, 11, 14, and 15.) All of the complaints
8 seek redress for the same alleged violation of constitutional rights, the withdrawal from his cell
9 of plaintiff's personal property, including legal materials, while he was absent due to a court
10 appearance. Because none of these complaints have been served, the court in its discretion
11 herein screens only the most recently filed amended complaint (Dkt. No. 15). See Fed. R. Civ. P.
12 15(a)(2) (court should freely give leave to amend an unserved pleading when justice so requires).
13 The court screens this complaint pursuant to 28 U.S.C. § 1915A.

14    Plaintiff, who is currently confined in Pleasant Valley State Prison, sues one
15 defendant, L. Harikian, described as "the CC [Correctional Counselor] II of the State of
16 California . . . legally responsibly for the overall operation of the Department and each institution
17 under its jurisdiction, including South Sacramento Parole Office. [¶ ] Defendant is being sued
18 individually and in her official capacity. . . ." (Dkt. No. 15, at 2.) The factual allegations of the
19 amended complaint provide in full (id. at 2-3):

20   On April 7, 2008, Plaintiff Daniel Harper was released to Sacramento
  County Sheriffs to go back to court for his case as showed in Exhibit A
21   and the plaintiff does come back to the custody of the California
  Department of Corrections in 2009. And in Exhibit B on 6-2-09 I put in a
22   602 grievance to get my property back from High Desert State Prison since
  that is the prison I left all of my property at to get told this, "Granted your
23   property was sent on 5/21/9 Fed Ex to Reg'l Sacramento on 5-22 -[08]"
  and I start write every one that I can think of that will be able to get my
24   propert[y] back to me and to know where my property is to just get the run
  around until January 28, 2010 when L. Harikian writes this to me, "Your
25   appeals have been reviewed. On January 27, 2010 I contacted the
  Assistant Unit Supervisor of the Sacramento South Parole Unit. They
26   indicated they will overnight your property to you at P.V.S.P. Please

forward all additional correspondence regarding this issue to the address listed below" and still on 3-30-10 I still have not gotten this property back in my possion (sic) at all.

Plaintiff alleges that he has been permanently deprived of his personal property in violation of the Eighth and Fourteenth Amendments to the United States Constitution. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages, and requests a jury trial.

The Eighth Amendment's proscription against cruel and unusual punishment does not protect against an inmate's loss of possessions absent significant and intentional or calculated harassment unrelated to prison needs. Hudson v. Palmer, 468 U.S. 517, 528, 530 (1984); Farmer v. Brennan, 511 U.S. 825, 834 (1994) (deprivation must be objectively serious, unnecessary and wanton). Plaintiff's loss of property in the "normal course" of it being mailed by prison officials does not state an Eighth Amendment claim.

Nor does it appear, based on the allegations of the current complaint, that plaintiff states a cognizable claim under the Due Process Clause of the Fourteenth Amendment. It appears that plaintiff's property has not been lost but remains in transit – i.e., he alleges that it was initially mailed in May 2009 from High Desert State Prison to the Sacramento Regional Parole Office, where it was then mailed in January 2010 to plaintiff at Pleasant Valley State Prison. While plaintiff had not received this package by March 30, 2010, the current status of the mailing is unknown, as well as the reasons for its delay.

Even if the package was permanently lost, it is unlikely that plaintiff will be able to state a cognizable federal constitutional claim. Neither the negligent nor intentional deprivation of a prisoner's property by a state prison official states a due process claim under § 1983 if the state provides an adequate post-deprivation remedy, e.g., as provided by the California Tort Claims Act. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994) (citing

////

////

Cal. Govt. Code §§ 810-895), and cases cited therein.[7] The availability of an adequate state post-deprivation remedy, i.e., a state tort action, precludes federal civil rights relief because the state remedy provides sufficient procedural due process. <u>Zinermon v. Burch</u>, 494 U.S. 113, 128. Thus, as framed, plaintiff's claim based on the apparently negligent failure of prison officials to forward his personal property does not state a federal constitutional claim.

Additionally, plaintiff fails to state a cause of action against defendant Harikian, whom plaintiff characterizes as "legally responsible for the overall operation of the Department..." (Dkt. No. 15, at 2.) "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.  A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." <u>Hansen v. Black</u>, 885 F.2d 642, 645-46 (9th Cir. 1989) (citations omitted).  Harikian is not a proper defendant in this action absent allegations of her personal involvement or direct causal connection in the deprivation of plaintiff's cognizable federal constitutional right.

While plaintiff is presently unable to state a cognizable federal constitutional claim, the court dismisses the complaint and recommends that plaintiff be granted leave to file a further amended complaint subject to prepayment of the full filing fee.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint filed April 9, 2010 (Dkt. No. 15) is dismissed; and

---

[7] Although some case law supports the principle that, even where the state provides an adequate post-deprivation remedy, a deprivation of property that is both authorized and intentional may constitute an actionable due process claim, <u>see</u>, <u>e.g.</u>, <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir. 1987), the Ninth Circuit failed to make this distinction in <u>Barnett</u>, 31 F.3d at 816-17 (finding no federal constitutional claim based on plaintiff's allegations both that he was deprived of property due to his reclassification to "grade B" (an authorized deprivation), and "to the extent that Barnett claims that he was deprived of property that he was entitled as a grade B inmate" (unauthorized deprivation)).

Further, IT IS HEREBY RECOMMENDED that:

1. Pursuant to the "three strikes" rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), plaintiff should be barred, while incarcerated, from filing further civil rights complaints in this court without prepayment of the full filing fee;

2. This bar should apply to the instant case and thus plaintiff's application to proceed in forma pauperis should be denied without prejudice to payment of the filing fee;

3. Plaintiff should be granted leave to file a further amended complaint in the instant action (designated a "Second Amended Complaint") within thirty days after the filing date of the district judge's order, provided plaintiff prepays the full filing fee; and

4. Failure of plaintiff timely to file a Second Amended Complaint and pay the filing fee shall result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE