IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

      Plaintiff,                     No. 2:09-cv-01969 GEB KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,
                                        ORDER TO SHOW CAUSE

      Defendants.
_____/

        On June 6, 2010, this court issued an Order and Findings and Recommendations dismissing plaintiff's complaint with leave to file an amended complaint, and recommending, pursuant to the "three strikes" rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), that plaintiff be barred from filing further complaints while a prisoner without prepayment of the full filing fee.  (Dkt. No. 17.)

        On June 21, 2010, plaintiff timely filed objections explaining, inter alia, that all he seeks in this action is the return of his personal property which prison officials have, since January 2010, represented "is on its way."  (Dkt. No. 18.)  Plaintiff explains, "the only things that I want out of this property is my pictures of my wife, my son and my grandmother because those pictures cannot be replaced because they are dead so those are the things I want and my addresses for my family because I cannot have anything to do with my family if I do not have there

addresses (sic). . ." (Id. at 2.)

It appears that plaintiff's property was sent in May 2009 from High Desert State Prison to the Sacramento Regional Parole Office, where it was then sent in January 2010 to Pleasant Valley State Prison. As previously recounted by the court, the factual allegations of the amended complaint provide in full (id. at 2-3):

> On April 7, 2008, Plaintiff Daniel Harper was released to Sacramento County Sheriffs to go back to court for his case as showed in Exhibit A and the plaintiff does come back to the custody of the California Department of Corrections in 2009. And in Exhibit B on 6-2-09 I put in a 602 grievance to get my property back from High Desert State Prison since that is the prison I left all of my property at to get told this, "Granted your property was sent on 5/21/9 Fed Ex to Reg'l Sacramento on 5-22 -[08]" and I start write every one that I can think of that will be able to get my propert[y] back to me and to know where my property is to just get the run around until January 28, 2010 when L. Harikian writes this to me, "Your appeals have been reviewed. On January 27, 2010 I contacted the Assistant Unit Supervisor of the Sacramento South Parole Unit. They indicated they will overnight your property to you at P.V.S.P. Please forward all additional correspondence regarding this issue to the address listed below" and still on 3-30-10 I still have not gotten this property back in my possion (sic) at all.

The court previously noted that plaintiff would not likely be able to allege a cognizable due process claim under § 1983 because "[i]t appears that plaintiff's property has not been lost but remains in transit," and the state likely provides an adequate post-deprivation remedy (e.g., pursuant to the California Tort Claims Act). (Dkt. No. 17, at 7-9.) However, plaintiff's instant objections and the continuing absence of his personal property give the court pause relative to its prior ruling and recommendations, particularly the court's conclusion that plaintiff has thus far failed to state an Eighth Amendment Claim and that the instant case, given its simplicity, should be the vehicle for this court's three strikes ruling. The Eighth Amendment's proscription against cruel and unusual punishment protects against an inmate's loss of possessions resulting from a significant and intentional or calculated harassment unrelated to prison needs. Hudson v. Palmer, 468 U.S. 517, 528, 530 (1984); Farmer v. Brennan, 511 U.S.

2

1  825, 834 (1994) (deprivation must be objectively serious, unnecessary and wanton).  The
2  continuing failure of CDCR officials and others to produce plaintiff's located property – and/or
3  to coordinate with the Sacramento County Sheriff's Department and/or Parole Unit and/or L.
4  Harikian and/or any other pertinent entity or individual to do so – suggests a possibly callous and
5  intentional harassment of plaintiff unrelated to matters of prison discipline and security.  One of
6  the clearly stated purposes of the California Department of Corrections and Rehabilitation is the
7  rehabilitation of its prisoners;  the objects of plaintiff's current pursuit facilitate the rehabilitative
8  purpose.  Moreover, it appears that plaintiff has diligently pursued this matter through the
9  administrative appeals process, thus meeting the threshold criteria for maintaining this action.

10         Accordingly, the court will direct named defendant CDCR to show cause, within
11  fourteen days, why plaintiff has not yet received his property.  CDCR's response shall include all
12  relevant declarations.  Since CDCR has not yet been notified of this action or served with any
13  pleading or documents herein, the Clerk of Court will be directed to serve a copy of this order on
14  the California Attorney General's Office.

15         For the foregoing reasons, IT IS HEREBY ORDERED that:
16         1. The  California Department of Corrections and Rehabilitation is directed to
17  show cause in writing, within fourteen days of the filing date of this order, why plaintiff has not
18  yet received the property which is the subject of this litigation;
19         2. The  California Department of Corrections and Rehabilitation shall serve
20  plaintiff with a copy of their response to this order to show cause; and
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////

3. The Clerk of Court shall serve a copy of this order on Michael Patrick Farrell, Senior Assistant Attorney General.

    SO ORDERED.

DATED: July 14, 2010

                _____
                KENDALL J. NEWMAN
                UNITED STATES MAGISTRATE JUDGE

harp1969.osc