IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

    Plaintiff,                    No. 2:09-cv-01969 GEB KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,
                                          <u>ORDER</u> and
    Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>
                                   /

          On July 15, 2010, this court issued an order directing defendant California Department of Corrections and Rehabilitation ("CDCR") to show cause why plaintiff has not yet received the personal property which he seeks pursuant to this action. (Dkt. No. 19.) Defendant timely responded, stating in pertinent part that the property had been disposed of pursuant to California Penal Code section 5062, which authorized such disposal based on plaintiff's failure to retrieve the property within one year after his prior discharge from CDCR custody. (Dkt. No. 20.) In response, plaintiff has filed a motion for preliminary injunction and set the matter for hearing. (Dkt. No. 21.)

          For the following reasons, this court vacates the hearing, discharges the order to show cause, and recommends that plaintiff's motion for preliminary injunctive relief be denied. This case shall proceed pursuant to the court's Order and Findings and Recommendations filed

June 8, 2010, which dismissed plaintiff's complaint and recommended application of the "three strikes" rule.

BACKGROUND

On June 6, 2010, this court issued an Order and Findings and Recommendations dismissing plaintiff's complaint with leave to file an amended complaint, and recommended, pursuant to the "three strikes" rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), that plaintiff be barred from filing further complaints while a prisoner without prepayment of the full filing fee. (Dkt. No. 17.)

On June 21, 2010, plaintiff timely filed objections explaining, inter alia, that all he seeks in this action is the return of his personal property which prison officials have, since January 2010, represented "is on its way." (Dkt. No. 18.) Plaintiff explained, "the only things that I want out of this property is my pictures of my wife, my son and my grandmother because those pictures cannot be replaced because they are dead so those are the things I want and my addresses for my family because I cannot have anything to do with my family if I do not have there addresses (sic). . ." (Id. at 2.)

On July 15, 2010, the court issued an order to show cause directing defendant CDCR to appear in this action for the limited purpose of explaining the whereabouts of plaintiff's property. (Dkt. No. 19.) The court found that the facts as represented by plaintiff gave "the court pause relative to its prior ruling and recommendations" given the apparent "simplicity" of this action, the appearance that plaintiff had exhausted his administrative remedies, and the possibility that plaintiff may be able to state a cognizable Eighth Amendment claim based on the "callous and intentional harassment of plaintiff unrelated to matters of prison discipline and security." (Id. at 3.)

Defendant has now clarified, with multiple supporting exhibits, that it adhered to established procedures and, moreover, that plaintiff has not exhausted his administrative

remedies. (Dkt. No. 20.) Plaintiff responded by filing a motion for preliminary injunction which seeks to set the matter for hearing (in Fresno) on August 12, 2010, for the purpose of "enjoining the defendants" to return plaintiff's property. (Dkt. No. 21, at 1-2):

LEGAL STANDARDS

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. Fed. R. Civ. P. 65; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 375-76 (2008). Significantly, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

DISCUSSION

Preliminary injunctive relief would serve no purpose under these circumstances, based on CDCR's representation that plaintiff's property no longer exists. Thus, plaintiff is unable to demonstrate irreparable harm in the absence of injunctive relief or that such relief is necessary to preserve the status quo. Rather, as CDCR contends, now that plaintiff has been informed of the current status of his property, he is required to pursue the administrative options identified by CDCR.

  The court will therefore recommend that plaintiff's request for injunctive relief be denied. The hearing scheduled by plaintiff was improperly noticed and will be vacated.

CONCLUSION

  For the foregoing reasons, IT IS HEREBY ORDERED that:

  1. The order to show cause filed July 15, 2010 (Dkt. No. 19) is discharged;

  2. The hearing noticed by plaintiff for August 12, 2010 (Dkt. No. 21) is vacated; and

  3. This court's Order and Findings and Recommendations filed June 8, 2010 (Dkt. No. 17) are reinstated.

  In addition, IT IS HEREBY RECOMMENDED that:

  1. Plaintiff's motion for preliminary injunctive relief (Dkt. No. 21) be denied.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 9, 2010

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

harp1969.tro